**Rajbir KAUR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70427.
Agency No. A75–016–979.

United States Court of Appeals, Ninth Circuit.

Submitted July 16, 2003.*

Decided Aug. 25, 2003.

Rajbir Kaur, pro se, Hercules, CA, Martin Resendez Guajardo, Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Patrick Shen, Linda S. Wernery, John J. Andre, Esq., John M. McAdams, Jr., Office of Immigration Litigation, Washington, DC, for Respondent.

Before REINHARDT, SILER,** and HAWKINS, Circuit Judges.

MEMORANDUM***

Petitioner Rajbir Kaur, a Sikh native of Punjab, India, appeals from the decision of the Board of Immigration Appeals ("BIA")

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Circuit Court Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

denying her application for asylum and withholding of deportation based on an adverse credibility determination.

Review of credibility findings is under the substantial evidence standard, *see Mejia–Paiz v. INS,* 111 F.3d 720, 723 (9th Cir.1997), and minor discrepancies, inconsistencies, or omissions that do not go to the "heart" of an applicant's asylum claim cannot constitute substantial evidence of adverse credibility. *Akinmade v. INS,* 196 F.3d 951, 954 (9th Cir.1999). Of the six grounds on which the BIA based its determination, there are only two categories of "inconsistencies" that fairly pertain to the "heart" of Kaur's claim: first, Kaur's testimony regarding the number of men who beat her husband and regarding her husband's clothing and positioning during his torture; and second, her testimony regarding the precise sequence of occurrences relating to the rapes and regarding the number and identity of the perpetrators.

We find that the record reveals that the "inconsistencies" in her testimony are minor discrepancies in relation to her otherwise consistent and detailed descriptions of material aspects of her rape and torture, and further, that the discrepancies stem in large part from apparent mistranslations and miscommunications that prevented Kaur from relaying a clear, consistent, and coherent account of her experience. *See Bandari v. INS,* 227 F.3d 1160, 1166–67 (9th Cir.2000)(finding that minor discrepancies regarding the time and location of alleged beatings, in light of otherwise consistent testimony, could not form the basis for the IJ's adverse credibility determination, especially because this Court has "long recognized that asylum hearings frequently generate mistranslations and miscommunications"); *see also Singh v. Ashcroft,* 301 F.3d 1109, 1113 (9th Cir.2002)(finding that a discrepancy in the location of a main occurrence in the alleged persecution was not a ground for finding adverse credibility). Nor do we find that the cumulative effect of these minor inconsistencies casts serious doubt on whether the persecution ever occurred, *cf. Pal v. INS,* 204 F.3d 935, 940 (9th Cir.2000), as they stem from the difficulties that Kaur, like many rape victims, experienced in remembering all of the details of the traumatic events, and in telling her story articulately and fully in front of state officials; as well as the serious problems the record reveals with respect to her language difficulties and the substantial deficiencies in translation.

Accordingly, we determine that there is not substantial evidence in the record to support a finding that Kaur's testimony lacked credibility. We vacate the BIA's decision, and remand for further proceedings to determine whether Kaur has met the criteria for asylum or withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). PETITION GRANTED; REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.